NO. 07-00-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 16, 2001

_____


ROY DAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3196; HONORABLE JACK D. YOUNG, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

**SECOND ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Roy Day was convicted by a jury of the misdemeanor offense of theft by check and punishment was assessed at 180 days confinement in the Lamb County Jail. Proceeding on appeal *pro se*, appellant timely filed his notice of appeal. Both the clerk's record and reporter's record have been filed.

Appellant's brief was due to be filed on September 7, 2000. However, on that date, appellant filed his *pro se* "Motion for Continuance" claiming he is indigent and desires to have counsel appointed to represent him on appeal.

By opinion dated September 11, 2000, this Court abated and remanded this cause to the trial court to conduct a hearing pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure. After the trial court conducted a hearing, it found that appellant wished to prosecute his appeal and that he was indigent and entitled to appointed counsel. A supplemental clerk's record and a supplemental reporter's record were filed in this Court. Mr. Mike Brown was appointed by order of the court to represent appellant on appeal. By letter dated October 26, 2000, this Court notified Mr. Brown that the appeal had been reinstated and that appellant's brief was due to be filed thirty days from that date. The brief remains outstanding and no motion for extension of time has been filed.

Therefore, we now abate this appeal a second time and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b) (2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel;

3. whether counsel for appellant has abandoned the appeal; and

4. whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

2

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. In the event the trial court finds that retained counsel will continue the appeal, the court shall make appropriate orders to ensure that retained counsel timely files appellant's brief. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, March 9, 2001.

It is so ordered.

Per Curiam

Do not publish.

3